UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMDON BRUCE PETERS,

    Petitioner,

v.

                      Civil Action 2:13-CV-12256
                      HONORABLE GERSHWIN A. DRAIN
                      UNITED STATES DISTRICT COURT

MICHAEL J. BOUCHARD,

    Respondent,
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

### I. INTRODUCTION

Kimdon Bruce Peters, ("Petitioner"), confined at the Oakland County Jail in Pontiac, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not specified in his habeas application the conviction or convictions that he seeks to challenge in this petition. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED.**

### II. BACKGROUND

Petitioner's habeas application is difficult to discern. Petitioner claims that he is indigent but has been unlawfully incarcerated at the Oakland County Jail since April 2, 2013. Petitioner claims that he has been unlawfully imprisoned since April 5, 2011 on an "Implication by a Debt Collector," in violation of 15 U.S.C. § 1692d; 15

U.S.C. § 1692e.  The Court notes that these statutes are part of the Fair Debt Collection Practices Act and not criminal statutes.  Petitioner has attached to his petition an Offender Profile from the Michigan Department of Corrections Offender Tracking Information System (OTIS).  This sheet indicates that petitioner was convicted in the Oakland County Circuit Court of possession of a firearm in the commission of a felony [felony-firearm], M.C.L.A. 750.227b, in Oakland County Circuit Court Case Number 10-233526-FH.  On April 25, 2011, petitioner was sentenced to two years in prison.  The Offender Profile sheet that petitioner attached to his petition indicates that the maximum discharge date for petitioner for this conviction was April 2, 2013.  This Court obtained an updated Offender Profile from OTIS, which indicates that petitioner was discharged from his sentence on his felony-firearm conviction on April 2, 2013. [1]  There is nothing on OTIS which indicates that petitioner has been convicted of any additional felony charges nor does petitioner allege in his petition that he has been convicted of any additional charges.  Petitioner's main complaint appears to be that he is being denied access to the courts by the personnel at the Oakland County Jail due to his indigency.  Petitioner's habeas petition is signed and dated May 13, 2013.

### III.  DISCUSSION

Petitioner's habeas petition is subject to dismissal for several reasons.

---

[1] This Court obtained the updated Offender Profile from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Daly v. Burt,* 613 F. Supp.2d 916, 920, n. 2 (E.D. Mich. 2009).

First, to the extent that petitioner is seeking habeas relief from his 2011 felony-firearm conviction, the Court lacks jurisdiction over the petition, due to the fact that petitioner is no longer in custody for this conviction. Although neither party raised the issue of whether the Court has jurisdiction over petitioner's case due to the expiration of his sentence on the conviction being challenged, it is appropriate for this Court to consider the issue *sua sponte,* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook,* 490 U.S. 488, 490-91 (1989). A habeas petitioner is no longer "in custody," for purposes of a conviction imposed, after the sentence on that conviction has fully expired. *Id.* at 492-93; *See also Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). The "in custody" requirement is jurisdictional. *See Foster v. Booher,* 296 F. 3d 947, 949 (10th Cir. 2002). Petitioner is no longer serving a sentence for the offense of felony-firearm. Because petitioner's sentence has expired on this conviction, he is no longer in custody on this conviction, thus, this Court lacks subject matter jurisdiction over his habeas petition with respect to this conviction. *See Steverson v. Summers*, 258 F. 3d 520, 523 (6th Cir. 2001).

Secondly, there is no indication from petitioner or from his Offender Profile that

petitioner has been convicted of any additional criminal charges.[2] To the extent that petitioner is currently incarcerated in the Oakland County Jail on new criminal charges, his habeas petition would be premature.

In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeals. *Allen v. Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1st Cir. 1996); *see also Hoard v. State of Michigan*, No. 05-cv-73136, 2005 WL 2291000, *1 (E.D. Mich. September 19, 2005). Although federal courts have jurisdiction to hear pretrial habeas corpus petitions, a federal court should normally abstain from exercising this jurisdiction to consider a pretrial habeas petition if the issues raised in the petition may be resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F. 2d 543, 545-546 (6th Cir. 1981). Where a habeas petitioner's claims, if successful, would be

---

[2] The Oakland County Circuit Court website indicates that petitioner had only one case in that court, namely, the one involving his 2011 felony-firearm case. The website does not indicate that petitioner has any pending cases in that court. See http://www.oakgov.com/circuit. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is thus permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

4

dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id.*

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner. One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy clause of the federal constitution. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 2 (6th Cir. 2008); *Moore*, 875 F. Supp. at 622, n. 2. Petitioner does not allege that any pending state court charges violate his rights under the Double Jeopardy Clause.

Another exception to this rule would involve a pretrial habeas petition in which a state prisoner asserted his or her speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins v. People of the State of Michigan*, 644 F. 2d at 547. Although an attempt to dismiss an indictment or otherwise prevent a prosecution is normally nonattainable by way of pre-trial habeas corpus, an attempt to force the state to go to trial may be made prior to trial, although state court remedies would still have to be exhausted. *Id.* Petitioner does not assert his speedy trial rights in the

current petition.

Moreover, petitioner does not allege that he has exhausted his state court remedies with respect to any pending criminal charges. A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). Any pre-trial habeas petition is premature because petitioner has failed to allege that he has exhausted his state court remedies with respect to any pending criminal charges. The habeas corpus statute for pre-trial situations requires the exhaustion of state court remedies. *See Dickerson v. State of La.,* 816 F. 2d 220, 225 (5th Cir. 1987); *see also Dillon v. Hutchinson,* 82 Fed.Appx. 459, 461-62 (6th Cir. 2003)(pre-trial habeas petitioner not entitled to habeas relief when he failed to exhaust his Interstate Agreement on Detainers (IAD) claim with the state courts); *Schofs v. Warden, FCI, Lexington*, 509 F. Supp. 78, 82 (E.D. Ky. 1981)(where a habeas petitioner has not properly exhausted his state judicial remedies with respect to his motion to dismiss state charges underlying a detainer against him, the district court would refrain from considering the merits of petitioner's claims concerning those charges). Petitioner would not be entitled to a writ of habeas corpus with respect to any pending criminal charges because he has not exhausted his state court remedies with respect to any such pre-trial habeas petition. *Dickerson,* 816 F.

6

2d at 228.

Thirdly, to the extent that petitioner is claiming that the Oakland County Jail personnel are denying him access to the courts due to his indigency, the instant petition is subject to summary dismissal because such a claim involves a challenge to the conditions of petitioner's confinement.

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints which involve conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). Petitioner's claim that he is being denied access to the courts is a challenge to the conditions of confinement which cannot be maintained as a habeas action. *See Allen v. Lamanna,* 13 Fed. Appx. 308, 311 (6th Cir. 2001). To the extent that petitioner is challenging the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell,* 170 Fed. Appx. 389, 393 (6th Cir. 2006).

Finally, to the extent that petitioner is seeking relief under the Fair Debt Collection Practices Act, a habeas petition would not be the proper vehicle for maintaining such an action. *See e.g. Williams v. U.S. Dist. Court for Dist. of Newark, N.J.,* 455 Fed. Appx. 142, 143, n. 1 (3d Cir. 2011).

## IV.  **CONCLUSION**

The Court will summarily deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court will deny the petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that the petitioner failed to meet the "in custody" requirement for maintaining a habeas action with respect to his felony-firearm conviction. *See e.g. Finkelstein v. Spitzer,* 155 F. 3d 131, 133 (2d Cir. 2006). Likewise, jurists of reason would not find debatable this Court's determination that petitioner had failed to exhaust his state court remedies before filing any pre-trial habeas petition that challenges any pending criminal charges. *See Fuller v. Kansas,* 324 Fed Appx. 713, 717 (10th Cir. 2009). Lastly, petitioner is not entitled to a certificate of appealabilty, because jurists of reason would not find debatable this Court's decision that petitioner's challenges to his conditions of confinement should be brought in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than as a habeas action. *See Rachal v. Quarterman,* 265 Fed. Appx. 371, 377 (5th Cir. 2008).

Accordingly, petitioner will be denied a certificate of appealability. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of

habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

|  |  |
|---|---|
|  | /s/Gershwin A Drain |
|  | **HON. GERSHWIN A. DRAIN** |
| **Dated: June 6, 2013** | UNITED STATES DISTRICT JUDGE |